May Term,<br>1861.<br><br>HERRON<br>v.<br>HERRON.

---

HERRON <i>v.</i> HERRON.

Courts of Common Pleas have concurrent jurisdiction with Circuit Courts<br>in suits for divorce.

APPEAL from the *Tippecanoe* Common Pleas.

DAVISON, J.—This was a suit for a divorce, instituted in the Common Pleas, by the appellant, who was the plaintiff, against *Thomas Herron*.   The defendant was served with process, and having been duly called, was regularly defaulted. Upon final hearing, the Court dismissed the cause on the

Wednesday,<br>May 29.

alleged ground that it had no jurisdiction. Was this ruling correct? Section 11, of "An act to establish Courts of Common Pleas," &c., "Approved *May* 14, 1852," declares that "In all civil cases, except for slander, libel, breach of marriage contract, or where the title to real estate shall be in issue, the Court of Common Pleas shall have concurrent jurisdiction with the Circuit Court." 2 R. S., p. 16; Acts 1859, p. 94. If then, an action for a divorce is a civil case, within the purview of the section above recited, and the "Act regulating the granting of divorces," &c., does not confer exclusive jurisdiction of that subject upon the Circuit Court, the dismissal must be held erroneous; because, in such case, the jurisdiction of the Common Pleas is, obviously, concurrent with that of the Circuit Court. The latter act was "Approved *May* 13, 1852," and provides that "divorces may be decreed in the Circuit Courts, on petition filed by any person at the time a *bona fide* resident of the county in which the same is filed." The act then proceeds to point out the various causes for which a divorce may be granted; directs that upon the filing of such petition, a summons be issued and served upon the defendant, and authorizes adversary proceedings in the cause, between the parties," &c. 2 R. S., §§ 13, 14, pp. 234–236. These provisions evidently contemplate an action for a divorce as a civil case, within the rules of practice and pleading prescribed by the code of procedure now in force. And there is really nothing in the several acts to which we have referred, giving the Circuit Court exclusive jurisdiction in cases for divorce. It follows, the decision of the lower Court is erroneous, and the judgment dismissing the suit must be reversed.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*D. Mace*, for the appellant.